## WALTER BRADLEY v. STATE.

No. A-5168.   Opinion Filed July 11, 1925.
(237 Pac. 625.)

Rowe & Besley, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, for convenience and brevity, will be referred to as defendant, as in the court below.

On the 14th day of December, 1923, the defendant, Walter Bradley, shot and killed Charles York. Both were negroes. York was an employee at the brickyard at Cleveland, while the defendant had been an employee, but was laid off temporarily. Some time prior to the killing there had been some quarreling by the defendant and the deceased, which had arisen on account of the wife of deceased talking about the defendant, and for which the defendant had threatened to whip her. The deceased had heard of this, and on one or two occasions quarreled with the defendant about it. On the night before the killing, according to the record, he accosted the defendant; asked him if he had his gun, and "Is you ready?" and again on the morning of the homicide he again accosted the defendant in threatening language. At the time of the killing, however, he had said nothing and made no hostile demonstration.

The jury returned its verdict finding the defendant guilty of murder, and assessing the death penalty. Several errors are assigned, but none of them are tenable or sufficiently serious to call for special consideration.

In addition to the errors argued, it is earnestly contended by counsel that the evidence does not show that degree of atrocity to warrant the death penalty. The law contemplates that the death penalty shall be imposed only in extreme cases. Where there is any provocation or fault

on the part of the deceased, which, however, in its legal aspects does not reduce the offense, yet which in a sense mitigates the extreme features of the crime, this court, in the furtherance of justice, is empowered and should reduce the punishment from death to life imprisonment.

The death penalty, in the present state of society, in a proper case is no doubt a deterrent to some forms of criminality, and is a protection to society. In those cases where murder is wholly unprovoked, or where there is a lying in wait, or where deliberately committed for the purpose of or in the commission or attempt to commit a robbery, rape, or other felony, the death penalty is warranted; but where a murder is not of the class enumerated, but grows out of a difficulty between the parties, a vindication of the law does not require the infliction of the death penalty. State v. Young, 19 Okla. Cr. 363, 200 P. 260; Walker v. State, 20 Okla. Cr. 316, 202 P. 799.

We have gone over the record in this case with that care that its importance requires, and, while the evidence sustains the verdict of murder, there are facts and circumstances in the case which should reduce the punishment from death to life imprisonment, and the punishment will accordingly be reduced to life imprisonment at hard labor, and, as modified, the judgment of the court is affirmed.

BESSEY, P. J., and DOYLE, J., concur.